Argued February 15, affirmed March 5, 1918.

# PATTEE *v.* HARBAUGH.

(171 Pac. 221.)

**Chattel Mortgages—Execution—Priority—Statutes.**

1. Section 7407, L. O. L., having been enacted after Section 799, prevails in case of any repugnancy as regards priority between unrecorded chattel mortgage, without delivery and change of possession, and subsequently levied executions.

**Chattel Mortgages—Priority—Execution—Statutes.**

2. Execution creditors being classified by Sections 233, 301, L. O. L., as purchasers in good faith, as against third persons, are protected by Section 7407, subsequently enacted, declaring unrecorded chattel mortgages, without delivery and change of possession of property, void as against subsequent purchasers in good faith.

[As to effect of failure to record chattel mortgage, see note in 137 Am. St. Rep. 471.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

Plaintiff held an unrecorded chattel mortgage on some grain, consisting of wheat and oats, to secure a valid subsisting debt. The property remained in the possession of the debtor. Two executions based upon regular and valid judgments were placed in the hands of the defendant as constable. Without any knowledge of the mortgage he levied both executions upon the grain and sold it in satisfaction of the judgments. Plaintiff then began this action to recover the property or its value. Issues having been joined and a trial had, there was a judgment for defendant, and plaintiff appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief and an oral argument by *Mr. L. M. Travis.*

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. There is no controversy as to the facts. We are simply called upon to say which party upon the agreed facts is entitled to prevail. The problem is one of statutory construction. The earliest legislation in Oregon upon the subject is found in the Code of 1855, at page 528, which makes unrecorded chattel mortgages "void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith," unless there is an immediate delivery and actual continued change of possession of the property. This statute was expressly repealed in 1862, and at the same session the legislature enacted what is Section 799, L. O. L., of which Subsection 40 provides that such an unrecorded mortgage creates a presumption of fraud as against the creditors of the seller or assignor or as against subsequent purchasers in good faith. At the same session Section 301, L. O. L., became a law, declaring that attaching creditors as against third persons are to be deemed purchasers in good faith, and likewise Section 233, L. O. L., providing *inter alia* that in execution proceedings "property shall be levied on in like manner and with like effect as similar property is attached."

In 1893, the law of 1855, above referred to, was in substance re-enacted, omitting, however, the words "as against the creditors of the mortgagor," and so the law now stands as Section 7407, L. O. L. Plaintiff contends that by virtue of the provisions of Section 799, L. O. L., he is entitled to prevail upon showing the good faith of the transactions resulting in the mortgage, and that Section 7407 is not available to defendant for the reason that creditors are not protected thereby. It will be observed that Section 799 refers

not only to mortgages, but to absolute sales as well, whereas, the later statute, 7407, applies exclusively to mortgages and if they be repugnant in any of their parts the later legislation must prevail as to such conflicting portions. Referring to the failure to mention creditors of the mortgagor in Section 7407, L. O. L., it is sufficiently answered by calling attention to the fact that when the law of 1855 was passed attachment and execution creditors were not classified as purchasers in good faith, but were so designated by statute in 1862, and when the act of 1893 (Section 7407, L. O. L) was framed it would have been a needless iteration expressly to have named creditors of the mortgagor, since they were elsewhere declared to be purchasers. We conclude that there was no error in the determination reached by the trial court and the judgment is therefore affirmed.        AFFIRMED.

Mr. CHIEF JUSTICE McBRIDE, Mr. JUSTICE BURNETT and Mr. JUSTICE BEAN concur.